IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| COREY FRANKLIN BROWN, | ) |
| | ) |
| | ) 2:17-CV-00328-RCM |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY, | ) ) ) |
| | |
| Defendant. | |

MEMORANDUM OPINION and ORDER

Presently before the Court for disposition are cross motions for summary judgment. For the reasons set forth below, the plaintiff's motion for summary judgment (ECF No. 13) will be denied; the defendant's motion for summary judgment (ECF No. 17) will be granted and the decision of the Commissioner will be affirmed.

On March 15, 2017, Corey Franklin Brown, by his counsel, filed a complaint pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. §§405(g) and 1383(c)(3) for review of the Commissioner's final determination disallowing his claim for a period of disability or for disability insurance benefits and supplemental security income benefits under Sections 216(i) and 223 of the Social Security Act, as amended, 42 U.S.C. §§416(i) and 423 and 1381 cf.

The plaintiff filed an application for disability and supplemental security income benefits on October 15, 2013 (R.125-135). Benefits were denied on December 2, 2013 (R.62-66). On January 17, 2014, the plaintiff requested a hearing (R.70-71), and pursuant to that request a

1

hearing was conducted on September 1, 2015 (R. 34-53). In a decision filed on September 17, 2015 an Administrative Law Judge denied benefits (R. 19-33). On October 12, 2015, the plaintiff requested reconsideration of this determination (R.15), and upon reconsideration, and in a decision dated February 1, 2017, the Appeals Council affirmed the prior decision (R.1-3). The instant complaint was filed on March 15, 2017.

In reviewing an administrative determination of the Commissioner, the question before any court is whether there is substantial evidence in the agency record to support the findings of the Commissioner that the plaintiff failed to sustain his/her burden of demonstrating that he/she was disabled within the meaning of the Social Security Act.

It is provided in 42 U.S.C. Section 405(g) that:

The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive....

Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Johnson v. Comm'r. 529 F.3d 198 (3d Cir.2008) and the court may not set aside a decision supported by substantial evidence. Hartranft v. Apfel, 181 F.3d 358 (3d Cir.1999)

Presently before the Court for resolution is a determination of whether or not there is substantial evidence to support the findings of the Commissioner that the plaintiff is not disabled within the meaning of the Act.

At the hearing held on September 1, 2015 (R.34-53) the plaintiff appeared with counsel (R.36), and testified that he was twenty-nine years old (R.40); that he had a high school education (R.38); that he last worked in 2011 where he performed warehousing involving lifting

2

up to fifty pounds, being on his feet all day and operating equipment (R.38) and that he did perform some household chores (R.40).

The plaintiff also testified that he experiences constant back pain (R.41,45); that he suffers from GERD (R. 42); that he takes medication for pain, to sleep and for diabetes (R.42); that his medication makes him sleepy (R.43); that he wears a lumbar brace (R.43); that he has had one or two steroid injections (R.44); that he has limited lifting ability, can sit for ten to fifteen minutes and can walk about one or two blocks (R.45-46); that he experiences headaches (R.47) and that he has difficulty sleeping (R.48).

At the hearing a vocational expert was called upon to testify (R.49-53). She classified the plaintiff's past work as heavy and unskilled (R.51). When asked to assume an individual of the plaintiff's age, education and vocational experience, she testified that there were a large number of jobs such an individual could perform (R.51). However, when asked if that individual could be gainfully employed if he could only sit for three hours a day and stand for three hours a day she responded that such an individual could not be employed (R.52).

The issue before the Court is whether or not the decision of the Commissioner is supported by substantial evidence.

The term "disability" is defined in 42 U.S.C. Section 423(d)(1)(A) as:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months....

For purposes of the foregoing, the requirements for a disability determination are provided in 42 U.S.C. Section 423(d)(2)(A):

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in

3

any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence ... "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. Section 423(d)(3). These provisions are also applied for purposes of establishing a period of disability. 42 U.S.C. Section 416(i)(2)(A).

It is provided in 42 U.S.C. Section 1382c(a)(3) that:

(A)... an individual shall be considered to be disabled for purposes of this subchapter if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.

(B) For purposes of subparagraph (A), an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence ... "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

\* \* \*

(D) For purposes of this paragraph, a physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

It is also provided that:

Notwithstanding the provisions of subparagraphs (A) through (E), an individual shall also be considered to be disabled for purposes of this subchapter if he is permanently and totally disabled as defined under a State plan approved under subchapter XIV or XVI of

4

this chapter as in effect for October 1972 and received aid under such plan (on the basis of disability) for December 1973 (and for at least one month prior to July 1973), so long as he is continuously disabled as so defined.

42 U.S.C. Section 1382c(3)(F).

Pursuant to the authorization contained in 42 U.S.C. Section 1382c(3)(D), the Commissioner has promulgated certain regulations for the implementation of the Supplemental Security Income Program. While these statutory provisions have been regarded as "very harsh," nevertheless, they must be followed by the courts. NLRB v. Staiman Brothers, 466 F.2d 564 (3d Cir. 1972); Choratch v. Finch, 438 F.2d 342 (3d Cir. 1971); Woods v. Finch, 428 F.2d 469 (3d Cir. 1970). Thus, it must be determined whether or not there is substantial evidence in the record to support the conclusion of the Commissioner that the plaintiff is not disabled within the meaning of the Social Security Act.

For this purpose, certain medical evidence was reviewed by the Commissioner.

The plaintiff was hospitalized at UPMC East from September 24, 2013 through September 25, 2013 for chronic back pain. Medication was provided. An MRI revealed early/mild broad bulges of the lumbar spine (R.524-630).

The plaintiff was treated at the Advanced Pain Treatment Center between August 27, 2013 and October 8, 2013 for chronic lumbar back pain. A spinal injection was administered and a neurosurgical referral was made. (R.215-227).

The plaintiff was treated by Dr. Mark C. Gottron between February 28, 2013 and October 30, 2013 for low back and abdominal pain, kidney stones and conjunctivitis. Medication was prescribed (R.228-255).

The plaintiff was evaluated by Dr. Gail Fisher on November 4, 2013 for chronic back pain and kidney stones (R.256-263).

5

Between July 1, 2013 and November 8, 2013 the plaintiff was treated by Dr. Ghassan Bejjani who observed mild degenerative disease with no cord abnormality. An epidural steroid injection was administered and physical therapy was recommended (R.264-277).

The plaintiff was treated at UPMC between April 24, 2013 and November 22, 2013 for back pain. Mild spinal cord compression was noted as well as mild disc bulging and no acute finding for abdominal pain was made (R.278-363).

The plaintiff was treated at the UPMC East Medical Center emergency room on December 13, 2013 for a headache which was diagnosed as a migraine. Intravenous analgesics were administered and the plaintiff was discharged (R.487-523).

In reports for the period from November 12, 2013 through August 28, 2015, plaintiff's primary care physician, Dr. Mark C. Gottron diagnosed back pain for which a back brace and medication was prescribed. It was noted that the plaintiff could sit, stand, walk or drive for three hours and occasionally lift up to twenty pounds. The degree of pain was classified as moderate (R.364-486).

The relevant regulations require explicit findings concerning the various vocational factors which the Act requires to be considered in making findings of disability in some cases. These regulations, published at 20 C.F.R. §§404.1501, et seq., set forth an orderly and logical sequential process for evaluating all disability claims. In this sequence, the Administrative Law Judge must first decide whether the plaintiff is engaging in substantial gainful activity. If not, then the severity of the plaintiff's impairment must be considered. If the impairment is severe, then it must be determined whether he/she meets or equals the "Listings of Impairments" in Appendix 1 of the Regulations which the Commissioner has deemed of sufficient severity to establish disability. If the impairment does not meet or equal the Listings, then it must be

ascertained whether he/she can do his/her past relevant work. If not, then the residual functional capacity of the plaintiff must be ascertained, considering all the medical evidence in the file. The finding of residual functional capacity is the key to the remainder of findings under the new regulations. If the plaintiff's impairment is exertional only, (i.e. one which limits the strength he/she can exert in engaging in work activity), and if his/her impairment enables him/her to do sustained work of a sedentary, light or medium nature, and the findings of age, education and work experience, made by the Administrative Law Judge coincide precisely with one of the rules set forth in Appendix 2 to the regulations, an appropriate finding is made. If the facts of the specific case do not coincide with the parameters of one of the rules, or if the plaintiff has mixed exertional and non-exertional impairments, then the rules in Appendix 2 are used as guidelines in assisting the Administrative Law Judge to properly weigh all relevant medical and vocational facts.

> Based on the evidence presented, the Commissioner concluded:
>
> The claimant meets the insured status requirements of the Social Security Act through December 31, 2016
>
> The claimant has not engaged in substantial gainful activity since June 7, 2011, the alleged onset date.
>
> The claimant has the following severe impairment[s]:
>
> The documentary evidence includes pain management … There were no reported symptoms of any radiculopathy…a physiatrist [was recommended] for pain management… The straight leg raising test was negative…doctors recommended conservative treatment with medication… There is no evidence of any herniated disc or spinal stenosis… I find that the claimant has the residual functional capacity to perform sedentary work…
>
> After careful consideration of the evidence, I find that the claimant's medically determinable impairment could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible…

> [S]ome consideration has been given to the opinion expressed by the claimant's primary care physician, Dr. Gottron, to the extent that it is supported by his underlying treatment records. The opinion form completed by Dr. Gottron indicated that the patient could sit three hours, stand three hours and walk three hours out of a total eight hour day and could lift up to 20 pounds occasionally… Dr. Gottron also checked that the claimant would need frequent rest periods throughout the day and would frequently miss work. However, there was no explanation or rationale offered for the latter predictions, and I find no basis for those predictions in the underlying treatment records. The treatment records reflect that the claimant's complaints of pain are described as "mild and moderate." In the physical examination it is noted that he complained of back pain and bone pain but denied stiffness, muscle weakness or myalgias. The physical examination was otherwise within normal limits. There were no symptoms of radiculopathy… In this case, I accord no weight to the predictions that the claimant will need frequent rest periods and will frequently miss work because of pain, since Dr. Gottron has provided no explanation. The prediction is unsupported by the underlying treatment records.
>
> At the state agency level the evidence was reviewed by Dr. Kar, who is highly experienced in the evaluation of physical impairments… He expressed the opinion that the claimant is capable of performing work at the light exertional level…
>
> The claimant is unable to perform any past relevant work…
>
> The claimant was born on June 19, 1986 and was 24 years old, which is defined as a younger individual… on the alleged disability onset date.
>
> The claimant has at least a high school education and is able to communicate in English…
>
> Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform …
>
> The claimant has not been under a disability, as defined in the Social Security Act…
>
> (R.24-28).

The record demonstrates that the plaintiff suffers from back pain arising from mild degenerative disease, but that his alleged degree of pain is not medically sustainable and is being conservatively managed. With the exception of the submissions from Dr. Gottron, all of the medical evidence support a finding that the plaintiff's limitations are mild to moderate. The Administrative Law Judge rejected Dr. Gottron's conclusions that the plaintiff would have

8

frequent work absences due to pain as unsupported by the evidence. This conclusion is appropriate and supports the finding that the plaintiff is not disabled within the meaning of the Act.

Summary judgment is appropriate where there are no material issues of fact in dispute and the movant is entitled to judgment as a matter of law. <u>McMunn v. Babcock</u>, 869 F.3d 246 (3dCir. 2017). In the instant case, there are no material factual issues in dispute, the decision of the Commissioner is supported by substantial evidence, and the defendant's motion for summary judgment will be granted, and the plaintiff's motion for summary judgment will be denied.

An appropriate Order will be entered.

s/ Robert C. Mitchell<br>
United States Magistrate Judge

ORDER

AND NOW, this 27th day of November, 2017, the plaintiff's motion for summary judgment (ECF No. 13) is DENIED, the defendant's motion for summary judgment (ECF No. 17) is GRANTED, and the decision of the Commissioner is AFFIRMED.

                                              s/ Robert C. Mitchell
                                              United States Magistrate Judge